IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN LEN HEJNY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-02661-C (BT) |
| | § | |
| DALLAS COUNTY JAIL, et al. | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Stephen Len Hejny, a state prisoner, filed this *pro se* civil action under 42 U.S.C. § 1983. The Court granted him leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. For the following reasons, the Court should dismiss Hejny's complaint.

I.

Hejny filed his complaint against the Dallas County Jail and a Jane Doe Dallas County Jail library employee. He claims that, when he was incarcerated in the Dallas County Jail, he gave the Jane Doe library employee a lawsuit to be filed in federal court. He later learned the court did not receive the lawsuit. He thus claims defendants denied him access to the courts, and he seeks money damages for the alleged violation of his constitutional rights.

II.

Hejny's complaint is subject to preliminary screening under 28 U.S.C. § 1915A which provides, in pertinent part:

1

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

A. <u>The Dallas County Jail is a nonjural entity and should be dismissed.</u>

Hejny names the Dallas County Jail as a defendant. "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the

2

district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting Fed. R. Civ. P. 17(b)). "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing *Johnson v. Dallas Police Dep't*, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *adopted by* 2005 WL 119467 (N.D. Tex. Jan. 18, 2005). The Dallas County Jail does not have a separate legal existence and cannot be sued under § 1983. *See Rambo v. Valdez*, No. 3:16-cv-02-O, 2016 WL 4398969, at *2 (N.D. Tex. May 6, 2016) (collecting cases). Hejny's claims against the Dallas County Jail should be dismissed.

B. <u>Hejny failed to establish he was denied access to the courts.</u>

Hejny claims the Jane Doe Jail employee denied him access to the courts. He states he attempted to sue his former half-way house because the half-way house stole some of his property, and that he gave his lawsuit to Jane Doe for mailing to the federal court. He states he later requested a status update regarding his lawsuit from the federal court, and the court informed him it had no record of his case.

To state a claim that his constitutional right of access to the courts was violated, a plaintiff must show he was actually prejudiced. *Lewis v. Casey*, 518 U.S. 342, 349-51 (1996). The plaintiff must identify a nonfrivolous, arguable underlying

3

claim that he has been unable to pursue. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis v. Casey*, 518 U.S. at 353).

Here, Hejny did not include a copy of the complaint he attempted to file. He has therefore failed to identify a nonfrivolous claim.[1] Additionally, he failed to explain how he was prevented from refiling his complaint after he learned the court did not receive it. Hejny has failed to establish he was denied his constitutional right of access to the courts.

IV.

For these reasons, Hejny's complaint should be dismissed under 28 U.S.C. §§ 1915A and 1915(e).

Signed March 23, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that to the extent Hejny attempted to sue a half-way house run by the Texas Board of Pardons of Paroles, the state agency is immune from suit under the Eleventh Amendment. *See Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (*per curiam*). Further, to extent Hejny attempted to sue a privately-owned half-way house, private corporations are not liable under § 1983 under a theory of respondeat superior. *See Olivas v. Corrs. Corp. of Am.,* 215 F. App'x 332, 333 (5th Cir. 2017) (per curiam) ("Contrary to Olivas's argument, CCA may not be held liable on a theory of respondeat superior.") (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 691 (1978)).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).